UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITY NATIONAL INSURANCE
COMPANY,

     Plaintiff,

v.                                                                    Case No: 8:22-cv-1811-KKM-AEP

BRAR DAVENPORT HOSPITALITY, INC.,

     Defendant.

_____

## <u>ORDER</u>

Security National Insurance Company sues its insured, Brar Davenport Hospitality,

Inc., for a declaratory judgment that Security National has no duty to defend or to

indemnify Brar Davenport in a pending state court action. (Doc. 1.) Security National now

moves for summary judgment, arguing that the issue of coverage under the insurance policy

is purely legal. (Doc. 19.) Brar Davenport does not oppose the motion. (Doc. 29.) Because

Brar Davenport raises no dispute of material fact as to the legitimacy of the policy or its

relevance to the underlying state court action and the Court may determine coverage under

the policy as a legal matter, summary judgment is granted in favor of Security National.

## I.   BACKGROUND

Deontae Bugg was shot and killed on the premises of a Days Inn and Suites owned and operated by Brar Davenport on July 15, 2020. (Doc. 1-1.) His executor[1] sued Brar Davenport in the Circuit Court for Polk County, Florida, in May 2022. The suit alleges that Brar Davenport is responsible for Bugg's wrongful death. (*Id.*)

Brar Davenport had a commercial general liability insurance policy through Security National from February 28, 2020, to February 28, 2021. (Doc. 1-2 at 8.) The policy provided coverage for "sums that the insurer becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which [the] insurance applies." (*Id.* at 8, 14.) It also required Security National "to defend the insured against any 'suit' seeking covered damages," and provided Security National "the right, but not the duty, to defend the insured against any 'suit' for which [it disputes] coverage." (*Id.*)

The policy excluded coverage for injuries resulting from pollution or war, or for injuries to employees in the course of their employment by the insured. (Doc. 1-2 at 15–17.) The policy also excluded coverage for "[a]ny claim or 'suit' for 'bodily injury' . . . arising, in whole or in part, from the use of firearms" and provided that Security

---

[1] The executor, Calvin Bugg, was initially named as a defendant in this case, but was dismissed from the action under Federal Rule of Civil Procedure 41(a)(1)(A)(i) before he filed an answer or motion for summary judgment. (Doc. 17; Doc. 18.)

National "shall have no obligation to defend [Brar Davenport] for any such loss, claim or suit." (Doc. 1-3.)

Security National sues Brar Davenport requesting a declaratory judgment that the policy "does not afford coverage for [Brar Davenport] for any damages claimed against it in the underlying *Bugg* action" and that Security National "has no duty to defend or indemnify" Brar Davenport in the underlying action. (Doc. 1 ¶ 27.)

Security National now moves for summary judgment on its claim, arguing that the issue of coverage "presents a pure question of law, which is properly resolved on summary judgment." (Doc. 19 at 2.) Brar Davenport does not oppose Security National's motion. (Doc. 29.)

## II.   LEGAL STANDARD

Summary judgment is appropriate if no genuine dispute of material fact exists, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant always bears the initial burden of informing the district court of the basis for its motion and identifying those parts of the record that demonstrate an absence of a genuine issue of material fact. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). When that burden is met, the burden shifts to the nonmovant to

demonstrate that there is a genuine issue of material fact, which precludes summary judgment. *Id.* The nonmoving party must "go beyond the pleadings and by [his] own affidavits" and point to evidence in the record that demonstrates the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotation omitted). A moving party is entitled to summary judgment when the nonmoving party "fail[s] to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* at 323.

The Court reviews the record evidence as identified by the parties and draws all legitimate inferences in the nonmoving party's favor. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020); *Dareing v. Bank of Am. Corp.*, 705 F. App'x 882, 885 (11th Cir. 2017) (per curiam). Here, to the extent that the record is disputed or capable of multiple inferences, the Court draws them in favor of the non-movant.

## III.   ANALYSIS

In its motion for summary judgment, Security National argues that it has no duty to defend Brar Davenport in the underlying state court action because the state court action relates to an incident involving a firearm.

Under Florida law, the interpretation of an insurance contract is a question of law. *Dahl-Eimers v. Mut. of Omaha Life Ins. Co.*, 986 F.2d 1379, 1381 (11th Cir. 1993.) Additionally, whether an insurer must defend its insured depends on whether the

underlying complaint "alleges facts that fairly and potentially bring the action within policy coverage." *Jones v. Fla. Ins. Guar. Ass'n*, 908 So. 2d 435, 438 (Fla. 2005). The insured carries the burden of proving that the insurance policy covers the claim against it, but the insurer must prove that an exclusion precludes coverage. *See LaFarge Corp. v. Travelers Indem. Co.*, 118, F.3d 1511, 1516 (11th Cir. 1997); *see also RLI Ins. Co. v. Coastline Title of Pinellas, LLC*, 591 F. Supp. 3d 1182, 1187–88 (M.D. Fla. Mar. 8, 2022) (Mizelle, J.).

Here, the state court complaint alleges that Deontae Bugg "was shot by an assailant" on the premises of the Days Inn and Suites owned by Brar Davenport. (Doc. 1-1 ¶ 13.) The insurance policy "does not apply to" any claim "arising, in whole or in part, from the use of firearms." (Doc. 1-3.) And Security National has "no obligation to defend" any such claims. (*Id.*) That policy language clearly precludes coverage for the underlying state lawsuit. Security National has met its burden and Brar Davenport, by declining to oppose the motion, points to no genuine dispute of material fact to prevent summary judgment (such as the authenticity of the policy or its application to the underlying action). Therefore, Security National is entitled to summary judgment.

## IV.   CONCLUSION

Security National is entitled to summary judgment on its declaratory judgment claim.

Accordingly, the following is **ORDERED:**

1.      Security National's Motion for Summary Judgment (Doc. 19) is **GRANTED**.

2.      The Clerk is directed to **TERMINATE** any pending motions and deadlines, enter **JUDGMENT** in Security National's favor, and **CLOSE** this case. The judgment shall read: "Security National Insurance Company does not owe coverage, including a duty to defend, to Brar Davenport relating to *Calvin Bugg v. Brar Davenport Hospitality, Inc.*, No. 2022-CA-00179 (Fla. Cir. Ct. May 26, 2022)."

**ORDERED** in Tampa, Florida, on January 6, 2023.

Kathryn Kimball Mizelle
United States District Judge